**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO CARRIEDO-ROSAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-73927

Agency No. A097-818-065

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2022[**]
Seattle, Washington

Before: BERZON, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Roberto Carriedo-Rosas, a native and citizen of Mexico, seeks

review of his 2004 expedited removal order for violation of his due process rights.

He also seeks review of an Immigration Judge's (IJ) finding that he failed to establish

a reasonable fear of persecution or torture, and he argues that the IJ deprived him of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

due process by declining to conduct a new hearing on remand from this court. We review an IJ's determination that an alien did not establish a reasonable fear of persecution or torture for substantial evidence, reversing only where "any reasonable adjudicator would be compelled to conclude to the contrary." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We review legal claims, constitutional questions, and jurisdictional questions de novo. *Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021); *Orozco-Lopez*, 11 F.4th at 774. We dismiss the petition in part for lack of jurisdiction and deny in part.

**1. *Underlying Expedited Removal Order.*** We lack jurisdiction to review collateral attacks on underlying expedited removal orders absent three narrow exceptions that may be asserted only in a habeas proceeding. 8 U.S.C. § 1252(a)(2)(A), (e); *Guerrier*, 18 F.4th at 308, 313. Here, Carriedo-Rosas has not sought review of his underlying expedited removal order through a habeas petition, nor has he challenged it on any of the grounds permitted by statute. Accordingly, we lack jurisdiction and dismiss Carriedo-Rosas's challenge to his underlying expedited removal order.[1]

**2. *Reasonable Possibility of Persecution.*** In the proceedings on Carriedo-Rosas's reinstated removal order, the IJ determined that Carriedo-Rosas failed to

---

[1]Because we may not address the merits of Carriedo-Rosas's argument, we deny his Motion to Supplement Record on Appeal.

2

establish a reasonable possibility of persecution "because of" a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) ("A person seeking withholding of removal must prove not only that his life or freedom will be threatened in his home country, but also that the threat is 'because of' one of the five listed reasons.").

To the extent Carriedo-Rosas has not waived this issue by failing to address it in his opening brief, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013), it fails on the merits. An isolated verbal altercation with a neighbor and extortion of a family member fall short of establishing past persecution, and fear of generalized violence and being targeted for having lived in the United States are insufficient to establish a fear of future persecution on account of a protected ground. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019). Moreover, Carriedo-Rosas's proposed social group is not legally cognizable. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that "returning Mexicans from the United States" was not a cognizable social group for purposes of establishing a protected ground). Accordingly, we find no error in the IJ's determination that Carriedo-Rosas has not shown a reasonable possibility of persecution because of a protected ground.

**3. *Reasonable Possibility of Torture.*** The IJ found that Carriedo-Rosas had not suffered past torture and there was no "evidence [he] would be the victim of

future torture by the Mexican government or with the government's acquiescence." Carriedo-Rosas failed to address this determination in his opening brief and has thus waived any challenge to it. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

But, regardless, this argument fails on the merits. There is no evidence of past torture in this case; Carriedo-Rosas lived in Mexico between 2006 and 2007 without facing any harm, let alone torture. The record demonstrates that Carriedo-Rosas fears only general crime and violence, which does not meet the legal standard for relief under the Convention Against Torture. *See Delgado-Ortiz,* 600 F.3d at 1152. The record, including the testimony of Carriedo-Rosas's expert witness, also demonstrates that Carriedo-Rosas could safely relocate within Mexico, which undermines a finding of future torture. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015); 8 C.F.R. § 1208.16(c)(3)(ii). Accordingly, the IJ's finding that Carriedo-Rosas has not shown a reasonable possibility of torture is supported by substantial evidence.

**4. *Due Process.*** Finally, Carriedo-Rosas argues that he was denied due process when the IJ declined to conduct an additional evidentiary hearing at which he could testify on remand from this court in 2016. To prevail on a due process claim, a petitioner must show a due process violation and that the violation caused prejudice, which means the due process violation may have adversely affected the

4

outcome of the proceedings. *See Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). When an IJ reviews an asylum officer's reasonable fear determination, "due process does not mandate the right to present new evidence . . . when a litigant has been afforded a reasonable opportunity to present evidence." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195 (9th Cir. 2021).

Here, Carriedo-Rosas received a full reasonable-fear hearing before the IJ when his original removal order was reinstated in 2014. He was represented by counsel, testified on his own behalf, and presented an expert witness. Carriedo-Rosas has not challenged the fairness of the 2014 hearing or demonstrated that additional testimony from him was required on remand. *See Bartolome v. Sessions*, 904 F.3d 803, 813 (9th Cir. 2018) ("[A]lthough an IJ may allow an alien to submit evidence to support his or her claim, the IJ is not required to do so" in a reasonable fear review hearing. (citation omitted)). Nor has he demonstrated prejudice by showing that denial of an additional hearing may have affected the outcome of the proceedings. *See Flores-Rodriguez*, 8 F.4th at 1113. Accordingly, we reject Carriedo-Rosas's assertion that he was denied due process.

**DISMISSED IN PART; DENIED IN PART.**